IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES S. FALLER, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 121-153 |
| ) | |
| DAVID ESTES, Acting U.S. Attorney; and ) | |
| LORI MITCHELL, U.S. Probation Office;[1] ) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner reports he is challenging a conviction obtained in the Southern District of Florida, with a sentence imposed in 2006. (Doc. no. 1, p. 1 (citing United States v. Fuller, 97-CR-6063-RYSKAMP, doc. no. 1009 (S.D. Fla. Apr. 25, 2006).) That sentence of twenty-four months in prison and thirty-six months of supervised release has been served and is expired.

---

[1] The Court **DIRECTS** the **CLERK** to update the Respondents listed on the docket in accordance with the caption, which is consistent with the petition. (Doc. no. 1, p. 1.) The Court **FURTHER DIRECTS** the **CLERK** to serve a copy of this Recommendation on the Office of the United States Attorney for the Southern District of Georgia.

(Doc. no. 1, p. 4; doc. no. 1-1, p. 2.)  Petitioner maintains he should be allowed to challenge the expired conviction and sentence because it has been used to enhance a sentence from the Western District of Kentucky for which he is still under supervision.[2]  (Doc. no. 1-1, p. 1.)  Petitioner further argues the Florida conviction is "inextricably intertwined" with the Kentucky case, and thus the Court should consider the cases together.[3]  (See generally doc. no. 1-1; doc. no. 1-2, p. 1.)

Petitioner acknowledges that he has unsuccessfully challenged the conviction through direct appeal, a motion to vacate under 28 U.S.C. § 2255, and habeas proceedings filed in different courts under 28 U.S.C. § 2241.  (Doc. no. 1, pp. 3-4; see generally doc. no. 1-1; see also United States v. Faller, 154 F. App'x 740 (11th Cir. 2005) (*per curiam*); Faller v. United States, 2006-cv-60554-KLR, doc. no. 1 (S.D. Fla. Apr. 19, 2006), *certificate of appealability denied*, doc. no. 95, No. 08-11650-H (11th Cir. Sept. 2, 2008).)  However, Petitioner maintains all of the previously rejected requests for relief were flawed, and he has now uncovered new evidence he contends shows he is factually innocent of the charges for which he was convicted.  (See generally doc. nos. 1-1, 1-2.)  Petitioner further argues he has been denied due process, and the denial of his prior requests for relief amounts to structural error.  (See generally doc. no. 1-1.)  He also purports to incorporate by reference "the entire 28 U.S.C. § 2241 in the WDKY *Habeas* attack as if fully re-written herein."  (See id. at 17.)

---

[2]The Western District of Kentucky transferred jurisdiction for Petitioner's supervised release to the Southern District of Georgia.  United States v. Faller, CR 119-078, doc. no. 1 (S.D. Ga. June 26, 2019).  According to the Transfer of Jurisdiction, Petitioner's supervised release ends November 22, 2021.  (Id.)

[3]Petitioner filed a separate habeas corpus petition designated as attacking his Kentucky conviction.  United States v. Estes, et al., CV 121-152 (S.D. Ga. Oct. 6, 2021).

2

## II. DISCUSSION

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. However, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008). Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081-82 (11th Cir.) (*en banc*), *cert denied sub nom*. McCarthan v. Collins, 138 S. Ct. 502 (U.S. 2017). Petitioner bears the initial burden of establishing satisfaction of the savings clause, Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition. McCarthan, 851 F.3d at 1099.

In McCarthan, the Eleventh Circuit explained the savings clause analysis as follows:

> [W]e ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer that question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate [under § 2255]. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

Id.

Even where adverse circuit precedent may have previously rendered a petitioner's claim meritless, the §2255 remedy will not be considered inadequate or ineffective: "[w]hether

3

circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" Id. at 1085-86 (citation omitted). Neither the existence of new case law, newly discovered facts, nor an "incorrect" decision by the § 2255 court can satisfy the savings clause because "[i]f the savings clause guaranteed *multiple* opportunities to test a conviction or sentence, then the bar against second and successive motions under § 2255(h) would become a nullity.'" Id. at 1090 (citation omitted). The Eleventh Circuit has also explained, "A claim of actual innocence is not one of the rare [instances] for which a § 2255 motion is an inadequate or ineffective remedy." Amodeo v. FCC Coleman - Low Warden, 984 F.3d 992, 994 (11th Cir. 2021).

Furthermore, the procedural requirements of § 2255, including the prohibition against successive petitions, do not make the remedy inadequate. Id. at 998 ("A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." (citing McCarthan, 851 F.3d at 1086)); see also Harris v. Warden, 801 F.3d 1321, 1324 (11th Cir. 2015) (*per curiam*) (concluding that regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the legality of a petitioner's sentence); Darby, 405 F.3d at 945. In sum, McCarthan stands for the proposition that the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255. 851 F.3d at 1093.

Petitioner's case does not present the "limited circumstances" described in McCarthan warranting application of the savings clause. Petitioner relies on his own interpretation of the evidence and his firm conviction that all prior court proceedings in multiple trial and appellate level federal courts in Florida, Kentucky, were unfairly stacked against him, resulting in

4

allegedly fundamentally unfair proceedings which the Southern District of Georgia should now correct. However, "the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion." Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730 (11th Cir. 2017) (*per curiam*) (citing McCarthan at 1085-92), *cert. denied*, Bernard v. Jarvis, 138 S. Ct. 1164 (U.S. 2018). Petitioner had access to adequate procedures to test his convictions in a § 2255 motion and petitions to circuit courts of appeals to file second and successive § 2255 motions after his initial collateral challenge was denied.

Importantly, the savings clause guarantees only the ability to "test" a claim; it does not require the test be successful.

> "To test" the legality of his detention and satisfy the saving clause, a prisoner is not required "to win" his release. "To test" means "to try." To try a claim, a "petitioner [must have] an *opportunity* to bring his argument." The opportunity to test or try a claim, however, neither guarantees any relief nor requires any particular probability of success; it guarantees access to a procedure.

McCarthan, 851 F.3d at 1086 (citations omitted).

That Petitioner has never successfully tested his conviction does not mean he may continue filing until he happens upon a court that may see things differently than prior courts which denied his challenges repeatedly. Petitioner fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, either by way of raising his current claims in his initial § 2255 motion or a request to file a second or successive § 2255 motion. Additionally, as explained above, Petitioner's actual innocence claim does not fit within the narrow confines of the savings clause. See Amodeo, 984 F.3d at 998, 1003.

In sum, Petitioner's § 2241 petition constitutes an improper attempt to circumvent the requirements for filing second and successive § 2255 motions. See McCarthan, 851 F.3d at 1092. Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241. This Court lacks jurisdiction to address the petition, and it

should be dismissed.  See Donaldson v. Warden, FCI Coleman Medium, 691 F. App'x 602, 603 (11th Cir. 2017) (*per curiam*) (holding district court without jurisdiction to consider § 2241 petition where petitioner did not meet savings clause requirements); Smith v. FCC Coleman - Medium Warden, 701 F. App'x 929, 931 (11th Cir. 2017) (*per curiam*) (same); McDowell v. Warden, FCC Coleman-Medium, 694 F. App'x 692, 695 (11th Cir. 2017) (*per curiam*) (same).

### III.   CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.  Because the Court is without jurisdiction to hear the case, the Court further **RECOMMENDS** Petitioner's motion for appointment of counsel to assist him with these proceedings be **DENIED**, (doc. no. 2).

SO REPORTED and RECOMMENDED this 15th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA