IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES S. FALLER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-152 |
| | ) | |
| DAVID ESTES, Acting U.S. Attorney; and | ) | |
| LORI MITCHELL, U.S. Probation Office, | ) | |
| | ) | |
| Respondents. | ) | |

_____

| | | |
|---|---|---|
| JAMES S. FALLER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-153 |
| | ) | |
| DAVID ESTES, Acting U.S. Attorney; and | ) | |
| LORI MITCHELL, U.S. Probation Office, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**O R D E R**

_____

On October 15, 2021, the Court recommended dismissing the petitions in the above-captioned cases for lack of jurisdiction. In both cases, Petitioner filed Notices of Filing Sworn Objections and motions to seal his objections. According to Petitioner, the recommendations for dismissal failed to consider the actual innocence exception of McQuiggin v. Perkins, 569 U.S. 383, 392 (2013), and he has submitted a host of sworn affirmations and statements in

support of his actual innocence claim so that the Court can consider the merits of his § 2241 petitions. He supports his request for sealing with conclusory allegations of potential harm to affiants and assertions that some of the documents have been sealed in other courts. The Court **DENIES** the motions to seal objections in both cases, **DIRECTS** the Clerk to return Petitioner's submissions to him, and **ALLOWS** Petitioner through and including Friday, November 19, 2021, to submit any objections in the normal course.

First, the motion to seal was not filed in accordance with Local Rule 79.7. Petitioner is familiar with the requirements of filing motions to seal in accordance with the Local Rules, as the Court explained the requirements in detail when denying a motion to seal filed in Faller v. Pelosi, CV 120-002, doc. no. 40 (S.D. Ga. Oct. 14, 2020). Petitioner again fails to "rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." Loc. R. 79.7(d); see also Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) ("The operations of the courts and the judicial conduct of judges are matters of utmost public concern, . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." (citations omitted).) Moreover, Petitioner's allegations of harm as the basis for sealing fail to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." Thomas v. Houston Healthcare Sys. Inc., No. 5:17-CV-386, 2019 WL 5850547, at *2 (M.D. Ga. May 24, 2019) (citation omitted).

Second, several of the documents and/or information contained therein are already publicly available. For example, the public docket text in United States v. Faller, CR 3:20-

CR-105, doc. no. 61 (W.D. Ky. Oct. 13, 2021), shows the motion to dismiss the indictment with prejudice was granted. Likewise, Petitioner filed at least three of the proposed sealed documents himself in his prior civil case filed in this District. Faller, CV 120-002, doc. nos. 1-1, 1-2, 1-4. Third, and perhaps most importantly, Petitioner wants to submit all of his sealed attachments in support of his assertion of actual innocence, which, as the Court explained in the recommendations for dismissal, does not make a § 2255 motion an inadequate or ineffective remedy such that Petitioner could satisfy the savings clause of 28 U.S.C. § 2255(e). See Amodeo v. FCC Coleman - Low Warden, 984 F.3d 992, 994 (11th Cir. 2021).

Petitioner's reliance on McQuiggin is inapposite because the actual innocence exception from that case does not apply to federal § 2241 petitions. Candelario v. Warden, 592 F. App'x 784, 785 (11th Cir. 2014) (*per curiam*) ("The McQuiggin Court emphasized that its holding concerned an initial habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners."); see also Lee v. Fed. Bureau of Prisons, No. 1:19-cv-00248, 2019 WL 7879688, at*5 (N.D. Ala. July 10, 2019) ("McQuiggin holds that 'actual innocence, if proved, serves as a gateway through which a petitioner may pass,' whether impeded by a procedural bar or a statute of limitations, even if the limitations period has expired. Because petitions filed pursuant to § 2241 are not subject to the limitations discussed in McQuiggin, that case does not assist [the petitioner]." (citations and footnotes omitted)), *adopted by* 2020 WL 607565 (N.D. Ala. Feb 7, 2020) ("[T]his court cannot consider an actual innocence claim in a § 2241 petition.") (citing McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017)).

3

Therefore, this Court does not apply McQuiggin to Petitioner's § 2241 petitions. Accordingly, documentation submitted in support of an actual innocence claim is not relevant to the analysis of the Court's jurisdiction to address the § 2241 petitions. To the extent Petitioner wants to make the *legal* argument that there is an actual innocence exception that applies to his cases, thereby conferring jurisdiction to consider the § 2241 petitions, he can make such *legal* arguments without relying on the *facts* he contends are present in the sworn affidavits.

For all of these reasons, the Court **DENIES** the motions to seal objections in both above-captioned cases,[1] **DIRECTS** the Clerk to return Petitioner's submissions to him, and **ALLOWS** Petitioner through and including Friday, November 19, 2021, to submit any objections in both cases in the normal course.

SO ORDERED this 10th day of November, 2021, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] CV 121-152, doc. no. 8; CV 121-153, doc. no. 6.